Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| MIGUEL CINTRÓN CABEZA Y ANTONIA CINTRÓN CABEZAS<br><br>Apelados<br><br>V.<br><br>FRANCHESCA LEE JEREZ VÉLEZ<br><br>Apelante | KLAN202401023 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Alta<br><br>Caso Núm.: TA2024CV01045<br><br>Sobre: Desahucio por Falta de Pago e Incumplimiento y Cobro de Dinero por la Vía Ordinaria |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 13 de diciembre de 2024.

El 15 de noviembre de 2024, compareció ante este Tribunal de Apelaciones la señora Franchesca L. Jerez Vélez mediante *Apelación Civil*[1]. Por medio de este, nos solicita que revisemos un dictamen emitido por el Tribunal de Primera Instancia, Sala Superior de Toa Alta. No obstante, dicho dictamen no fue incluido como parte del apéndice.

Por los fundamentos que adelante se exponen, se desestima el recurso de apelación por falta de jurisdicción.

### I

Según surge del expediente, el 25 de septiembre de 2024 la señora Antonia Cintrón Cabezas y el señor Miguel Cintrón Cabezas (en adelante y en conjunto, parte apelada), presentaron una *Demanda* sobre desahucio por falta de pago e incumplimiento y cobro de dinero.

---

[1] Traído a nuestra atención el 9 de diciembre de 2024.

Número Identificador

SEN2024 _____

El 2 de octubre de 2024, el foro de primera instancia emitió el *Emplazamiento y Citación por Desahucio*, donde señaló vista para el 29 de octubre de 2024.

El 9 de noviembre de 2024, la señora Jerez Vélez presentó una *Moción* ante el Tribunal de Primera Instancia.

Finalmente, la parte apelante acudió ante este foro revisor mediante *Recurso de Apelación*, donde nos solicita que revisemos un dictamen emitido por el foro primario el 29 de octubre de 2024. Cabe destacar que, esta no acompañó el dictamen apelado, ni realizó señalamientos de error con su correspondiente argumentación en derecho.

Por no entender necesaria la comparecencia de la parte apelada, prescindimos de esta[2].

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma

---

[2] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank,* 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Souffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015); *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014); *Souffront v. AAA,* supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[3], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de Recursos Apelativos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo*

---

[3] 4 LPRA Ap. XXII-B, R. 83.

*v. Valentín Rivera*, 197 DPR 636, 641 (2017). El Tribunal Supremo ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, supra, pág. 290. Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

En lo pertinente, respecto a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de apelación en casos civiles, la Regla 16 del Reglamento de este Tribunal, en su inciso (C), dispone lo siguiente:

> *Regla 16 – Contenido del escrito de apelación en casos civiles*
>
> (C) Cuerpo
>
> > (1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
> >
> > > (a) […]
> > >
> > > (b) […]
> > >
> > > (c) […]
> > >
> > > (d) […]
> > >
> > > (e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.
> > >
> > > (f) Una discusión de los errores señalados, incluyendo las disposiciones de la ley y la jurisprudencia aplicables.

(g)   La súplica.[4]

Por otro lado, la Regla 16(E)(1) de nuestro Reglamento, dispone que, la inclusión de un apéndice debe contener, entre otros, los siguientes requisitos:

[.....]

(E)   Apéndice

    (1)   El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:

        (a)   las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

        (b)   la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;

        (c)   toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

        (d)   toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;

        (e)   cualquier otro documento que forme parte del expediente original en el Tribunal de Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.[5]

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: "[D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos **cuando esa omisión no nos permite**

---

[4] 4 LPRA Ap. XXII-B, R. 16(C).
[5] 4 LPRA Ap. XXII-B, R. 16(E)(1).

**penetrar en la controversia o constatar nuestra jurisdicción**".

(Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. E.L.A.*, 172

DPR 150, 155 (2007).

Es por lo que, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

Por último, el Tribunal Supremo en *Hernández Jiménez v. A.E.E.*, 194 DPR 378 (2015) expresó que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores. Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.

En cuanto al perfeccionamiento de los recursos, nuestro más Alto Foro ha resuelto expresamente que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. *Febles v. Romar*, 159 DPR 714 (2003).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

La señora Jerez Vélez nos solicita que revisemos un dictamen emitido por el Tribunal de Primera Instancia, sin embargo, no acompañó copia de este. Asimismo, a pesar de que la parte apelante

incluyó la *Demanda* y otros documentos, esta no incluyó documentos *relevantes* al caso de epígrafe, por lo cual, no nos colocó en posición de revisar al foro primario. Lo anterior es un incumplimiento con la Regla 16(E)(1) de nuestro Reglamento. La referida regla dispone que, los recursos deben incluir un apéndice que contendrá las alegaciones de las partes, la sentencia del Tribunal de Primera Instancia cuya revisión solicita, toda resolución u orden, y toda moción o escrito de las partes que forme parte del expediente original en el foro de primera instancia, y cualquier otro documento que forme parte de tal expediente y que pueda ser útil a este tribunal a los fines de resolver la controversia[6].

Por otro lado, la parte apelante también incumplió con la Regla 16(C)(1) del Reglamento de este Tribunal. Lo anterior, debido a que, no incluyó una relación fiel y concisa de los hechos procesales, importantes y pertinentes del caso[7]. El recurso carece, además, de una discusión de los errores señalados, incluyendo las disposiciones de la ley y la jurisprudencia aplicables[8], y la súplica.

Es normativa reiterada que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán observarse rigurosamente[9]. El incumplimiento con las disposiciones sobre forma, contenido y presentación de los recursos apelativos puede conllevar la desestimación de estos. Cabe señalar que, el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales.[10] Como expresó el Hon. Juez Martínez Torres en *Ramos Soto v. Dpto. de Corrección y Rehabilitación*, 211 DPR 434, 435 (2023):

> De lo que se trata es de propiciar un acceso igual a la justicia. Para ello todas las partes deben ser medidas con la misma vara, porque la dama de la justicia no

---

[6] 4 LPRA Ap. XXII-B, R. 16(E)(1).
[7] 4 LPRA Ap. XXII-B, R. 16(C)(1)(d).
[8] 4 LPRA Ap. XXII-B, R. 16(C)(1)(f).
[9] *Rojas v. Axtmayer Ent., Inc.*, supra, pág. 564; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Soto Pino v. Uno Radio Group*, supra, pág. 90.
[10] *Febles v. Romar*, supra, pág. 722.

tiene preferencia. Frases como "acceso adecuado a la justicia" o "sistema de justicia sensible" defienden un acceso desigual a la justicia, donde esta se imparte de manera distinta dependiendo de la identidad de las partes. Nuestro ordenamiento, en cambio, propicia la igualdad y rechaza los privilegios de la litigación.

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de apelación de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[11], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de apelación por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

La jueza Romero García disiente respetuosamente de la determinación de la mayoría de este panel. La Regla 2(3) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos impone la obligación de atender en los méritos las controversias judiciales traídas ante nuestra consideración, y nos conmina a no desestimar un recurso por defectos de forma o de notificación que no afecten los derechos de las partes. Conforme a esa norma, la jueza Romero García habría concedido a la señora Franchesca L. Jerez Vélez un término perentorio para presentar copia de la sentencia cuya revisión solicita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] 4 LPRA Ap. XXII-B, R. 83 (C).